NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOHN KANE, PETITIONER, v. PHILIP (OR FELIAMANO) COLAVITA, RESPONDENT.

**Injury to Employe's Eye While Engaged in Plastering a Ceiling of Employer—Intoxication Alleged but Not Shown to Have Been the Cause of the Accident.**

On petition for compensation. On determination of facts and rule for judgment.

For the petitioner, *William Elmer Brown, Jr.*

For the respondent, *Paul M. Salsburg.*

The facts in this case are that on October 2d, 1925, the petitioner, John Kane, suffered an accident which arose out of and in the course of his employment with the respondent, Philip (or Feliamano) Colavita. The petitioner, a plasterer,

while working on a scaffold consisting of planks laid across two trestles elevated about three feet from the ground, was engaged in plastering a ceiling of a room in a house then under construction located on Grant avenue, Atlantic City, New Jersey, and while thus engaged a quantity of lime or mortar fell from the ceiling, as it was being applied by him, and into the left eye of petitioner, thereby injuring and burning said eye. Petitioner was given treatment by Dr. Halvor L. Harley, of Atlantic City, New Jersey, who, upon examination, found the petitioner suffering with severe pains in and about the region of said eye, and that the sight of said eye had been impaired. The petitioner is now and has ever since said accident suffered impairment of the sight of said eye to the total of eighty per cent. of its use.

The respondent presented as a defense to said action the claim or contention that said accident was caused by reason of the intoxicating of said petitioner and that said intoxication was the proximate and natural cause of said accident and injury. There was evidence produced having bearing upon this question both for and against respondent's contention that petitioner was intoxicated, but there was no evidence produced or offered at the hearing tending to show that said intoxication, assuming it to be true, was the natural and proximate cause of the injury as is required by said statute, and the burden of proof of said fact is by such statute placed upon the employer-respondent.

After careful study of the evidence, I have come to the conclusion that the disability of which petitioner is suffering is a permanent loss of eighty per cent. of the sight or use of the left eye.

CHARLES E. CORBIN,
*Deputy Commissioner.*